IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LARRY DECKER                                                                                    PLAINTIFF

VS.                                                                                    No. 1:04CV352-D-D

SIMPLICITY MANUFACTURING, INC.
D/B/A SNAPPER, INC.                                                                           DEFENDANT

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is Defendant's motion for summary judgment. Upon due consideration, the Court finds the motion shall be granted.

*A. Factual Background*

The Plaintiff originally filed this action in the Circuit Court of Lee County, Mississippi, on September 30, 2004. The Plaintiff seeks damages from an incident that occurred on June 30, 2003, when operating his lawnmower manufactured by the Defendant. The Plaintiff alleges that he cut his finger on a sharp metal piece, the zone control clip, located adjacent to the cranking cord, when attempting to crank his lawnmower. The Plaintiff alleges his damages were the result of the Defendant's defective design. On November 8, 2004, the Defendant successfully removed the action to this Court citing diversity jurisdiction. The Plaintiff did not file a motion to remand.

The Defendant now moves this Court to grant it summary judgment for Plaintiff's failure to name an expert witness. The Defendant states that without an expert witness, the Plaintiff cannot prove that the lawnmower was in defective condition at the time it left the Defendant's possession. The Defendant states that Plaintiff cannot prove his case under the Mississippi Products Liability Statute, Miss. Code Ann. § 11-1-63 (Supp. 2004). The Plaintiff counters that

it does not need an expert to prove negligence and that his claim can be proven by lay opinion. The Plaintiff also states that Defendant's evidence submitted with its summary judgment brief should be stricken because it fails to meet the standard of <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579, 592 (1993).

*B. Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case" Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" <u>Celotex Corp.</u>, 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56© mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp.</u>, 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. <u>Matsushita Elec. Indus. V. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

*C. Discussion*

In Plaintiff's response, which lacks any meaningful citation to authority, he suggests that lay testimony will suffice to prove that the zone control clip was in the wrong location. Plaintiff states that such testimony is sufficient to overcome summary judgment, and that expert testimony is not required to support his claims. The Court disagrees.

It is clear that products liability claims such as those presented in this case must be supported by expert testimony. See e.g. Beatty v. Kawasaki Motors Corp. U.S.A., 2005 WL 1529995 (N.D. Miss. 2005); Forbes v. General Motors Corp., 2005 WL 226105 (Miss. Ct. App. 2005); Childs v. General Motors Corp., 73 F. Supp. 2d 669 (N.D. Miss. 1999). Further, it is axiomatic that when a plaintiff bears the burden of proof on an issue which requires expert testimony and fails to present the necessary expert testimony, summary judgment is proper. See e.g., Brooks v. Roberts, 882 So. 2d 229 (Miss. 2004); Bowie v., Montfort Jones Mem'l Hosp., 861 So. 2d 1037 (Miss. 2003).

The Plaintiff here failed to designate any experts to present testimony in this case. Thus, no genuine issue of material fact exists and the Defendant is entitled to judgment as a matter of law. In addition, the Court finds Plaintiff's objections based upon Daubert are meritless. A separate motion is required to strike a party's expert under Daubert. Thus, the Court overrules Plaintiff's objection.

A separate order in accordance with this opinion shall issue this day.

This the 30th day of January 2006.

/s/ Glen H. Davidson
Chief Judge